Robert W. Ottinger (SBN 156825)
Melanie L. Proctor (SBN 228971)
**THE OTTINGER FIRM, P.C.**
2108 N Street, Suite N
Sacramento, CA 95816
robert@ottingerlaw.com
melanie@ottingerlaw.com
Tel: 415-262-0096
Fax: 212-571-0505

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPAK MENON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GEOVERA HOLDINGS, INC., a Delaware corporation, GEOVERA INVESTMENT GROUP, LTD., a Cayman Islands Exempt Company, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:24-CV-01819-TLN-SCR<br><br>[~~PROPOSED~~] ORDER AUTHORIZING SUBSTITUTE SERVICE OF SUBPOENA TO THIRD-PARTY WITNESS |

Plaintiff seeks to depose Qudsia Omar. On June 10, 2025, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff gave Defendant notice of the intended deposition and demand for documents. But Plaintiff's initial service attempt failed, because the address provided by Defendants in their initial disclosures was incorrect. Using public records databases, Plaintiff located an alternative address for Ms. Omar. After ascertaining the correct address for Ms. Omar, the process server attempted service four times. *See* Declaration of Gustavo Mendez, Dkt. 25. Although Ms. Omar confirmed she resided at the address, she stated

1

she would not accept service until consulting with her attorney. She then evaded service attempts over the next five days. *Ibid.*

Federal Rule of Civil Procedure 45(b)(1) states that "[s]erving a subpoena requires delivering a copy to the named person…." While this may initially require attempt(s) to personally serve the subpoena, "Courts are more inclined to grant [] alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service." *Fujikura Ltd. v. Finisar Corp.*, 2015 WL 5782351, at *5 (N.D. Cal. Oct. 5, 2015); *see also Chambers v. Whirlpool Corp.*, 2016 WL 9451361, at *2 (C.D. Cal. Aug. 12, 2016). The Court also notes that California law allows for alternative methods for service if a party diligently attempted personal service. *See, e.g.*, *Steve McCurry Studios, LLC v. Web2Web Mktg., Inc.*, 2014 WL 1877547, at *2 (N.D. Cal. May 9, 2014) (authorizing service of subpoenas by email pursuant to Federal Rule of Civil Procedure 4(e)(1) and Section 413.30 of the California Code of Civil Procedure after Plaintiff made a reasonable effort to personally serve the subpoenas); *CNC Software, LLC v. Glob. Eng'g Ltd. Liab. Co.*, 2022 WL 4137585, at *1 (N.D. Cal. Aug. 2, 2022) (finding that the Court could authorize service of the complaint by email under California Civil Procedure Code § 413.30, but declining to do so because the plaintiff "failed to establish good cause to permit service by email at this time").

Because personal service was attempted but the witness apparently evaded service, the Court authorizes Plaintiff to serve Ms. Omar via certified mail. The Court notes that it "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). *See also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) ("[A] subpoena duces tecum is itself a court order, and noncompliance may warrant contempt sanctions.").

Accordingly, IT IS ORDERED that: Service of the subpoena directed to Ms. Omar shall be completed by certified mail.

Dated: July 3, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE