UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEEPAK MENON,<br><br>    Plaintiff,<br><br>    v.<br><br>GEOVERA HOLDINGS, INC., a Delaware Corporation, GEOVERA INVESTMENT GROUP, LTD., a Cayman Islands Exempt Company, and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. 2:24-cv-01819 TLN SCR<br><br>ORDER |

The Court has reviewed the parties' further joint informal discovery dispute letter brief (ECF No. 32), Defendants' privilege log attached thereto, and the emails that Defendants lodged with the Court for in camera review. The parties appear to agree that the investigation conducted by Defendants' General Counsel is at issue in this case. Defendants have already agreed to a limited waiver over the GC's investigative report. With this background in mind, and in light of relevant case law, in particular *Kaiser Found. Hosps. v. Superior Ct.*, 66 Cal. App. 4th 1217, 1228 (1998) and *Wellpoint Health Networks, Inc. v. Superior Ct.*, 59 Cal. App. 4th 110, 122 (1997), the Court finds and ORDERS as follows:

The vast majority of emails identified in Defendants' privilege log are properly withheld as privileged, as they involved communications in which the GC was acting as an attorney—

either providing what would fairly be characterized as legal advice or being solicited for such advice—and not an investigator.  However, the following emails should be disclosed:

(1) "August 14, 2023 '6:42' p.m.," except that Defendants may redact the second paragraph in that email. The first paragraph in that email involves only the GC's investigation, which is either not privileged or over which privilege has been waived.

(2) "August 16, 2023 11:20 a.m." and "August 16, 2023 11:21 a.m.," given that the GC is not copied on those particular emails and no privileged information is otherwise disclosed in those emails.

(3) "August 16, 2023 11:30 a.m." and "August 16, 2023 11:43 a.m.," given that those emails are between the CEO and HR director, involve only a corporate policy and/or business question concerning the length of a severance package, and do not appear to be seeking legal advice, despite the GC being copied onto those emails.

(4) "August 17, 2023 4:53 p.m.," except that Defendants may redact the first sentence in that email. The remainder of the email involves only the GC's investigation, which is either not privileged or over which privilege has been waived.

(5) "August 17, 2023 5:04 p.m." and "August 17, 2023 7:24 p.m.," given that those emails concern a ride to the airport, and do not involve a privileged communication.

(6) "August 18, 2023 3:32 p.m." and "August 18, 2023 3:36 p.m.," given that those emails merely transmitted final versions of documents to be transmitted to Plaintiff.

These emails shall be disclosed within **seven days** of the date of this order.  To the extent any of the emails which must be disclosed are attached to emails that are properly privileged, those privileged emails may be redacted.

SO ORDERED.

DATED: September 2, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE